UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK MURRAY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-11561** |
| **STATE OF LOUISIANA, ET AL.** | **SECTION: "E"(5)** |

### REPORT AND RECOMMENDATION

In November 2018, Frederick Murray filed this *pro se* civil complaint pursuant to 42 U.S.C. § 1983. He alleges that Defendants, the State of Louisiana; Louisiana State Police; Sex Offender Registry Board; Tangipahoa Parish Sheriff's Office; Hammond Police Department; Governor John Bell Edwards; Attorney General Jeff Landry; Sheriff Daniel Edwards; Scott Perilloux, D.A.; Judge Jeff Johnson; Angel Monistre, ADA; Taylor Anthony, A.D.A.; and other unspecified detectives and deputy sheriffs, "did knowingly, willfully with forethought and malice conspire to damage the Plaintiff's rights without having any valid cause of action." (Rec. doc. 1, Deficient Complaint). He requests monetary compensation.

Upon filing, the Clerk's Office notified Murray that the complaint was deficient because it was not on the proper form and he had not paid the required filing fee or submitted an application to proceed *in forma pauperis*. (Rec. doc. 2). The record indicates that the Clerk mailed this notice and the proper forms to Murray at the Tangipahoa Parish Jail and gave him 21 days to comply. (*Id.*). He failed to respond to that deficiency notice.

On January 3, 2019, the undersigned issued an order directing Murray to return the

complaint on the approved form and to pay the filing fee or submit a pauper application. (Rec. doc. 3).   He was ordered to respond by February 1, 2019.   (*Id.*).   He was also warned that if he failed to comply with the order, the undersigned would recommend dismissal of his civil complaint.   (*Id.*).   To date, Murray has failed to comply with the Court's order.

The authority of a federal court to dismiss a plaintiff's action because of failure to prosecute is clear.   The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court.   Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).   The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* when necessary to achieve the orderly and expeditious disposition of cases.   *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1388–89 (1962); *McCullough*, 835 F.2d at 1127; *Ramsay v. Bailey*, 531 F.2d 706, 707 (5th Cir. 1976).

A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law.   *Grandpre v. Normand*, Civ. Action No. 16-1541, 2018 WL 691650 (E.D. La. Feb. 2, 2018) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).   Murray has ignored an express Court order to remedy the form deficiency and to pay the required filing fee or submit a completed pauper application.   For these reasons, it is appropriate to dismiss Plaintiff's complaint.

**RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute or comply with this Court's order of January 3, 2019.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)).[1]

New Orleans, Louisiana, this  14th  day of    February    , 2019.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.